The Honorable Jonathan Fitch State Senator Rural Route 1 Hindsville, AR 72738
Dear Senator Fitch:
This is in response to your request for an opinion on the following questions:
 1) If an automobile dealer makes a verbal deal with a person to purchase an automobile, receives a down payment, and the person drives the automobile off the lot on condition that he will return the next day to" sign the papers" and subsequently does not return and makes no effort to return, does such activity constitute an offense under the Arkansas Criminal Code or does the automobile dealer only have a civil remedy available?
 2) If the cattle belonging to an individual stray onto another's property does a prosecuting attorney have the authority to assess a penalty or fine against the owner of the cattle without the filing of formal charges against the cattle owner?
It is my opinion that the answer to your first question will ultimately turn upon all of the particular facts and circumstances surrounding the activity at issue. I am neither equipped nor empowered to act as a fact finder in such matters, and thus cannot make the necessary determination as to what remedies may be available in this situation. A person commits "theft of property," punishable under the Criminal Code if he:
 (1) Knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the purpose of depriving the owner thereof; or
 (2) Knowingly obtains the property of another person, by deception or by threat, with the purpose of depriving the owner thereof.
A.C.A. § 5-36-103(a) (Repl. 1997).
The term "property of another person" is defined as "any property in which any person or government other than the actor has a possessory or proprietary interest but does not include property in the possession of the actor in which another has only a security interest, even though legal title is in the secured party pursuant to a conditional sales contract or other security agreement[.]" A.C.A. § 5-36-101(7) (Repl. 1997).
The decision of whether to instigate a criminal prosecution is entirely within the discretion of the prosecuting attorney, as the elected constitutional officer vested with authority in this regard. Seegenerally Webb v. Harrison, 261 Ark. 279, 547 S.W.2d 748 (1977). Questions of interpretation arising under the criminal statutes of this state must be resolved on a case-by-case basis through the exercise of prosecutorial discretion.
With regard to your second question, I believe it is clear that a prosecuting attorney has no authority to assess a penalty or fine for violation of a criminal statute without employing the usual criminal process. Permitting livestock to run at large is a "violation" under A.C.A. § 5-62-122 (Repl. 1997).[1] The penalty for a violation is the payment of a fine, pursuant to A.C.A. § 5-4-201(c) (Repl. 1997). The power to impose a fine rests solely in a court of competent jurisdiction, as reflected in A.C.A. § 5-4-103(b) (providing that "the court shall fix punishment as authorized by this chapter. . . .") See also A.C.A. §5-1-105 (regarding the power of courts to deal with offenses, including violations). Further, A.C.A. § 5-4-104(a) states that "[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter."
An "offense" includes a "violation" (§ 5-1-105(b)(3)), which is punishable only by a fine (§ 5-4-201(c)) fixed by a court (§ 5-4-103(b)). I am aware of no authority for a prosecutor to bypass the usual criminal process in order to assess a criminal penalty or fine. There are, of course, a variety of ways in which charges are technically begun, including a law enforcement officer's issuance of a citation (see Rule 5 of the Arkansas Rules of Criminal Procedure), or the more formal issuance of a criminal summons or arrest warrant in certain instances (see Rules 6 and 7 of the Criminal Procedure Rules). But the sole authority to impose a fine or penalty under the Criminal Code remains with the judicial branch, consistent with constitutional due process requirements. Seegenerally Ark. Const. art. 2, § 8.
Assistant Attorney General Elisabeth A. Walker prepared the following opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] See also A.C.A. § 2-38-302 (Repl. 1996) regarding the penalty for animals running at large in counties covered by initiated acts.